**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:21-cv-00112-TBR-LLK**

MARK C.                                                                                              **PLAINTIFF**

v.

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                        **DEFENDANT**

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Disability Insurance Benefits under Title II of the Social Security Act.  [Doc. 1].  The fact and law summaries of the parties are at Doc. 18-1 and 23.  Pursuant to General Order No. 2019-11, the Court referred this matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.  [Doc. 9].

Plaintiff's sole argument is that the Administrative Law Judge's (ALJ's) mental residual functional capacity (RFC) determination is not supported by substantial evidence because the ALJ did not "properly evaluate and explain his analysis of the opinion of P. Leanne Scott, MS, LPP, who performed the agency's psychological consultative evaluation."  [Doc. 18-1 at PageID.2178].

Because the argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff's disability claim**

Plaintiff alleges disability due to psycho motor seizures, migraines, post-traumatic stress disorder (PTSD), and depression.  [Administrative Record, Doc. 12 at 81].

Plaintiff was on active duty in the United States Army from June 2016 through August 2019.  *Id.* at 1677.  His psycho motor seizures and migraines began soon after he completed basic training in 2015.

1

*Id.* at 23.  His PTSD and depression began in June 2018, after he was sexually assaulted in the military.  *Id.* at 1677.

Plaintiff receives disability benefits through the Veterans' Administration (VA).  *Id.* at 26, 1676, 1754.  The VA found the psycho seizures and migraines to be non-service-connected, and the PTSD to be service-connected.  [Doc. 18-1 at PageID.2175].

## The ALJ's decision

On April 29, 2021, the ALJ issued the Commissioner's final decision.  [Doc. 12 at 16-28].  The ALJ found that Plaintiff has not been under a disability from August 29, 2019, when he alleges that he became disabled, through April 29, 2021.  *Id.* at 28.

The ALJ analyzed Plaintiff's disability claim pursuant to the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 29, 2019.  *Id.* at 18.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments:  psycho motor seizures, migraines, post-traumatic stress disorder (PTSD), and depression. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.* at 20.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ found that, notwithstanding his severe psycho motor seizures and migraines, Plaintiff has no exertional limitation and can perform the full range of work.  *Id.* at 22.  However, Plaintiff has the following non-exertional limitations:

> The claimant should never climb ladders/ropes/scaffolds … should avoid all exposure to workplace hazards such as unprotected heights and moving mechanical parts … can work in

environments having not more than a moderate noise level and should avoid concentrated exposure to flashing lights or lighting brighter than fluorescent lighting ordinarily found in office environments.

*Id.*  The ALJ further found that, notwithstanding his severe PTSD and depression, Plaintiff can:

… understand and remember simple and detailed (not complex) instructions requiring learning periods up to 60 days … can sustain attention, concentration, effort, and pace for tasks requiring independent judgment and involving some variations over 2 hour work segments with normal breaks … can interact with supervisors, co-workers, and the public occasionally (up to 1/3 of the time) for task completion in a work environment that offers non-confrontational contact sufficient for task completion … can adapt to situational conditions and normal changes in routine and hazards in the workplace.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work.  *Id.* at 26.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of unskilled, medium jobs in the national economy such as laundry laborer, cleaner, and hospital cleaner.  *Id.* at 27.

## Standard of review

The scope of judicial review pursuant to 42 U.S.C. § 405(g) is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the ALJ applied the correct legal standards."  *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016).  Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007).  "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently …, and even if substantial evidence also supports the opposite conclusion."  *Francis v. Comm'r*, 414 F. App'x 802, 805 (6th Cir. 2011).  However, a decision of the Commissioner will not be upheld where the Social Security Administration "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Rabbers v. Comm'r*, 582 F.3d 647, 651 (6th Cir. 2009).

## Plaintiff's argument is unpersuasive.

Plaintiff argues that the ALJ's mental RFC determination is not supported by substantial evidence because the ALJ did not "properly evaluate and explain his analysis of the opinion of P. Leanne Scott, MS, LPP [master of science, licensed psychological practitioner], who performed the agency's psychological consultative evaluation."  [Doc. 18-1 at PageID.2178].

On June 24, 2020, the LPP examined Plaintiff at the request of the Commissioner and submitted a narrative report.  [Doc. 12 at 1676-80].  The LPP opined regarding Plaintiff's limitations due to PTSD and depression.  The LPP recounted that Plaintiff told her that:  1) The main basis of his disability claim is PTSD; 2) In June 2018, he was sexually assaulted; 3) In April 2019, he was admitted to an inpatient facility for 10 days due to suicidal ideation; 4) After the sexual assault, he experiences nightmares, flashbacks, and panic attacks; 5) He is presently receiving VA disability benefits and lives with a roommate in a rental house; and 6) He is "not ready to put myself out there" in the public due to fears of having a panic attack or being sexually assaulted again.  *Id.*

The LPP diagnosed PTSD and panic disorder.  The LPP opined that Plaintiff has the following mental limitations:

1.  Mr. Chaney's capacity to understand, retain, and follow instructions toward the performance of simple, repetitive tasks appears affected by his mental health symptoms to a slight degree.

2.  His ability to sustain attention and concentration towards the completion of tasks under time constraints appears affected by these impairments to a moderate degree.

3.  His ability to tolerate stress and the pressure of day to day employment appears affected by these impairments to a marked degree.

4.  His capacity to respond appropriate to supervisors, co-workers, and the general public in a work setting appears affected to a moderate to marked degree.

*Id.* at 1680.

On July 10, 2020, and again on September 2, 2020, in light of the LPP's opinions and the record as a whole, the Commissioner's non-examining program psychologists opined limitations that are consistent

with the ALJ's RFC determination.  *Compare* RFC determination at Doc. 12, p. 22, and opined limitations at Doc. 12, pp. 90-92, 109-10.

Plaintiff filed his disability claim on August 30, 2019.  [Doc. 12 at 16].  Therefore, the new rules for weighing medical opinions apply.  *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply.").

Under the new regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."   20 C.F.R. § 404.1520c(a).   An ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors" when determining the persuasiveness of an opinion. 20 C.F.R. 404.1520c(c)(1)-(5).  But the ALJ need only explain how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 4041520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion(s) will be.  20 C.F.R. § 404.1520c(c)(1). The more consistent the medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive it will be.  20 C.F.R. § 404.1520c(c)(2).

In his written decision, the ALJ found the LPP's opinion to be "somewhat persuasive" in light of the supportability and consistency factors.  [Doc. 12 at 25].  However, the ALJ discounted the LPP's findings of "marked" mental limitations, finding them to be:

1.   Inconsistent with the "generally persuasive" opinions of the Commissioner's program psychologists and the LPP's own finding that Plaintiff's coping skills are improving and his adaptive functioning appears adequate (although he can be isolative and lacks a strong support system).  *Id.* at 25-26.

2.  Not supported by Plaintiff's treatment records.   For example, during an August 2019 mental status examination, Plaintiff reported no acute distress, was well groomed, oriented, calm, and cooperative, had normal speech, and had appropriate thought processes and content.  *Id.* referencing 515-16.  In December 2019, Plaintiff reported that he was able to perform a less strenuous desk job.  *Id.* referencing 1770.

Plaintiff's argument is unpersuasive for two reasons.

First, the above findings comported with the new rules for weighing medical opinions, and, contrary to Plaintiff's argument, the ALJ did "properly evaluate and explain his analysis of the opinion of [the LPP]."  [Doc. 18-1 at PageID.2178].

Second, even under the old rules for weighing medical opinions, which are generally regarded as more claimant favorable, because the LPP was a one-time examining (as opposed to a treating) source, her opinion would not have been entitled to controlling weight, and the ALJ would not have been required to give particularly "good reasons" for the weight given to her opinion.  *See* 20 C.F.R. § 404.1527(c)(2).  An ALJ may prefer the opinions of the Commissioner's non-examining program psychologists if they provide "more detailed and comprehensive information" or are "more consistent ... with the record as a whole." *Brooks v. Comm'r*, 531 F. App'x 636, 642 (6th Cir. 2013).

## RECOMMENDATION

Because Plaintiff's argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

August 2, 2022

**Lanny King, Magistrate Judge**
**United States District Court**

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

August 2, 2022

**Lanny King, Magistrate Judge**
**United States District Court**