**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:21-CV-112-TBR**

**MARK DENNIS CHANEY,**                                                                 **PLAINTIFF**

**v.**

**KILOLO KAJIKAZI, ACTING**
**COMMISSIONER OF SOCIAL SECURITY,**                                    **DEFENDANT**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Lanny King, [DN 24], in which the Magistrate Judge recommended affirming the Social Security Commissioner's denial of Plaintiff's claim for disability benefits. Plaintiff filed objections to the Report and Recommendation, [DN 25]. The matter is therefore ripe for review. For the reasons set forth below, the Court will overrule Plaintiff's objections and adopt the Magistrate Judge's Report and Recommendation.

**I.   BACKGROUND**

Plaintiff filed his complaint in this action on August 16, 2021, seeking judicial review of the final administrative decision denying Plaintiff's applications for Social Security Disability Insurance benefits. [DN 1]. Plaintiff filed said applications on August 30, 2019. [DN 12

1

(Administrative Record), p. 81]¹.These applications were initially denied in July 2020. *Id.* at 16. Plaintiff requested a hearing, which was held on October 2, 2020. *Id.*

The Administrative Law Judge ("ALJ") issued his decision on April 29, 2021, finding that Plaintiff was not disabled. *Id.* at 16–28. In reaching this conclusion, the ALJ utilized the five-step evaluation process that applies in all Social Security disability cases. Specifically, she found:

- Step 1: Plaintiff meets the insured status requirements of the Social Security Act and has not engaged in substantial gainful activity since the alleged onset date of April 29, 2020.

- Step 2: Plaintiff suffers from the severe impairments of psycho motor seizures, migraines, post-traumatic stress disorder (PTSD), and depression.

- Step 3: These impairments, either alone or in combination, do not satisfy the medical criteria of any impairment listed in the regulations.

*Id.* at 18–20. The ALJ then went on to consider Plaintiff's residual functional capacity ("RFC") and found that Plaintiff was able to "perform a full range of work at all exertional levels but with [certain] nonexertional limitations." *Id.* at 22. In reaching this conclusion, the ALJ considered, among other things, the opinion of psychologist P. Leanne Scott, MS, LPP, who performed the agency's psychological consultative evaluation. *Id.* at 25–26. The ALJ's full analysis of that opinion is as follows:

> Ms. Scott opined the claimant's capacity to understand, retain, and follow instructions towards the performance of simple, repetitive tasks was slightly affected; his ability to sustain attention and concentration towards the completion of tasks under time constraints was moderately affected; his ability to tolerate stress and the pressure of day to day employment was markedly affected; and his capacity to respond appropriately to supervisors, co-workers, and the general

---

¹ For ease of reference when referring to the Administrative Record at DN 12, the Court cites to the page numbers located at the bottom right corner of each page.

> public in a work setting was moderately to markedly limited. (Ex. 4F). The undersigned is somewhat persuaded by this opinion. However, marked limitations are not supported by the record. In December 2019, the claimant reported that he was able to perform a less strenuous, desk job. (Ex. 8F/11). Ms. Scott's interview supports moderate limitations, and the claimant's treatment records are more consistent with mild to moderate limitations. The claimant's coping skills have been described as improving, and his adaptive functioning appears adequate, although he can be isolative and lack a strong support system. (Ex. 4F/5). Furthermore, Ms. Scott's opinion is not consistent with the State agency psychological experts or a depression screening of August 2019 indicating the claimant had a score of "0" on a mental status examination indicating the claimant reported no acute distress and was well groomed, oriented, calm, cooperative, and had normal speech and appropriate thought processes and content. (Ex. 3F/117–126).

*Id.* After making these and other findings related to Plaintiff's RFC, the ALJ then went on to consider Steps 4 and 5 of the evaluation process and found as follows.

- Step 4: Plaintiff is unable to perform his past work.

- Step 5: Considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform other work in the national economy, including the jobs of laundry laborer, cleaner, and hospital cleaner.

*Id.* at 26–27. The ALJ therefore found that Plaintiff has not been under a disability from August 29, 2019 (the date of the alleged disability) through the date of the ALJ's decision on April 29, 2021. *Id.* at 28. Plaintiff thereafter sought review from the Appeals Council, but his request was denied. *Id.* at 1–4.

Plaintiff then sought judicial review of the ALJ's decision. [DN 1]. Specifically, Plaintiff challenges the ALJ's findings at Steps 4[2] and 5 "because the mental RFC determination is not supported by substantial evidence, and because the ALJ erred by failing to properly evaluate and explain his analysis of the opinion of agency Psychologist Scott." [DN 18, p. 1]. Pursuant to 28

---

[2] The Court understands that Plaintiff does not actually challenge the ALJ's finding at Step 4 (that Plaintiff is unable to perform past work), but rather, the RFC determination that preceded Steps 4 and 5.

U.S.C. § 636 and General Order No. 2019-11, the Court referred the matter to Magistrate Judge Lanny King for a report and recommendation. [DN 9]. The Magistrate Judge issued his Report and Recommendation on August 2, 2022 and recommended affirming the ALJ's decision. [DN 24]. Plaintiff timely filed objections to the Report and Recommendation, [DN 25]. This matter is therefore ripe for review.

## II. LEGAL STANDARD

It is well-settled that the Court reviews the objected-to portions of a report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Its review of the Commissioner's determination is, of course, more deferential. *See* 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The scope of that inquiry is limited to (1) "whether the findings of the ALJ are supported by substantial evidence" and (2) "whether the ALJ applied the correct legal standards." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley*, 581 F.3d at 405–06). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241. "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if substantial evidence also supports the opposite conclusion, *see Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011). "[H]owever, 'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v.*

*Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.   ANALYSIS

In his Fact and Law Summary, Plaintiff argued that the "ALJ failed to properly address the opinion of psychologist Scott, MS, LPP, who performed the agency's psychological consultative evaluation." [DN 18-1, p. 10]. He argued that the ALJ had a duty to explain his evaluation of the Scott's opinion and provide good reasons for the weight given to the opinion, and further argued that the ALJ's decision must be supported by substantial evidence. *Id.* at 10–11. Plaintiff further argued that the ALJ committed a procedural error by failing to satisfy the "supportability" factor, as required by 20 C.F.R. § 404.1520c(b)(1), and this error was not harmless. *Id.* at 11–16.

Magistrate Judge King found Plaintiff's arguments to be unpersuasive. He concluded that, "[i]n his written decision, the ALJ found the [psychologist's] opinion to be 'somewhat persuasive' in light of the supportability and consistency factors." [DN 24, p. 5]. He then noted that the ALJ discounted Scott's findings about Plaintiff's "marked limitations" because (1) they were inconsistent with the psychologist's own findings about Plaintiff's improved coping skills and his adequate adaptive functioning, and with the "generally persuasive" opinions of Defendant's psychologist; and (2) the findings were not supported by the treatment records in evidence. *Id.* at 5–6. The Magistrate Judge found that this analysis "comported with the new rules for weighing medical opinions, and, contrary to Plaintiff's argument, the ALJ did 'properly evaluate and explain his analysis of the opinion of'" the psychologist. *Id.* at 6. The Magistrate Judge also found that the "good reasons" rule (discussed in more detail below) was inapplicable

because the psychologist was a one-time examining source, not a treating source. *Id.* The Magistrate Judge therefore recommended affirming the ALJ's final decision. *Id.*

Plaintiff now asks the Court to reject the Magistrate Judge's Report and Recommendation for the following reasons. First, the Magistrate Judge erred by finding that the ALJ had properly considered the supportability standard because the ALJ never mentioned supportability and did not discuss the extent to which the opinion of the psychologist was supported by her own findings; instead, the Magistrate Judge improperly relied on the post-hoc reasoning of the Commissioner. [DN 25, p. 3]. Plaintiff also argues that the Magistrate Judge erred in finding that the RFC was supported by substantial evidence, and even if it was, the legal error was not harmless and remand is therefore appropriate. *Id.* at 4–6.

The Court first addresses the argument relating to the alleged legal error before turning to the substantial evidence argument.

**A. Legal Error – Supportability**

The new regulations for evaluating medical opinions are applicable to Plaintiff's case because he filed his application after March 27, 2017. These regulations mandate that the ALJ "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)" in the record, even if those opinions or findings come from a treating medical source. *See* 20 C.F.R. § 416.920c(a). Instead, the ALJ must evaluate the "persuasiveness" of medial opinions and prior administrative medical findings using five factors listed in the regulations: supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 416.920c(c)(1)–(5).

"Of these five factors, the two most important are supportability and consistency." *Moulden v. Kijakazi*, No. 1:20-CV-00152-HBB, 2022 WL 178588, *5 (W.D. Ky. Jan. 19, 2022)

(citing 20 C.F.R. § 416.920c(a) and (b)(2)). Consistency, which is not at issue in this case, refers to how consistent the medical opinion is "with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2). Supportability, on the other hand, refers to how the medical source's opinion is supported by the objective medical evidence and supporting explanations provided by that medical source. *Id.* § 416.920c(c)(1). The regulations require the ALJ to explain how he or she considered these two most important factors in determining the persuasiveness of the medical source's opinion. *Moulden*, 2022 WL 178588, at*5 (citing 20 C.F.R. § 416.920c(b)(2)). The ALJ is not required to explain how he or she considered the other three factors, though they may do so. *Id.* (citing 20 C.F.R. § 416.920c(b)(2)).

In this case, Plaintiff argued in his Fact and Law Summary that the ALJ failed to consider, or even reference, the supportability factor. [DN 18-1, p. 12]. In response, Defendant argued that "[a] reasonable reading of the ALJ's decision clearly shows otherwise." [DN 23, p. 8]. Defendant goes on to explain that the ALJ referenced Scott's interview with Plaintiff, which the ALJ found supported Scott's findings regarding moderate limitations. *Id.* at 8–9. Defendant also noted that the ALJ had considered Scott's evaluation and findings earlier in the ALJ's opinion, though she did not repeat that discussion when specifically referencing Scott's opinion in her RFC analysis. *Id.* at 9–10. After considering these arguments, the Magistrate Judge concluded that "the ALJ found [Scott's] opinion to be 'somewhat persuasive' in light of the consistency and supportability factors." [DN 24, pp. 5–6]. Plaintiff now argues that the Magistrate Judge erred by relying on the post-hoc rationalization in the Commissioner's brief to find that the ALJ had properly considered the supportability factor. [DN 25, p. 3].

7

The Court first finds that the ALJ *did* discuss how Scott's opinion is supported by the objective medical evidence and supporting explanations provided by Scott, thereby explaining the supportability factor, even though the ALJ did not use the word "supportability" in her analysis. In that analysis, the ALJ clearly referenced Scott's interview with Plaintiff. [DN 12, p. 25]. She agreed that the interview "supports moderate limitations," and in addition, Plaintiff's "treatment records are more consistent with mild to moderate limitations." *Id.* The ALJ went on to state, "The claimant's coping skills have been described as improving, and his adaptive functioning appears adequate, although he can be isolative and lack a strong support system." *Id.* at 25–26. In making this statement, the ALJ cited to Exhibit 4F/5, *id.* at 26, which consists of Scott's report. *See id.* at 1676–80. Thus, the ALJ explained why she believed Scott's opinion regarding moderate limitations was more persuasive than her opinion regarding marked limitations, and in doing so, she explained how Scott's opinion regarding moderate limitations was supported by objective medical evidence and by Scott's own evaluation/interview of Plaintiff. The Court therefore finds that the ALJ adequately explained the supportability factor.

Further, even if the ALJ did not adequately explain how the supportability factor was considered in assessing Scott's opinion, this procedural error is harmless in this case. Generally speaking, "[a]n ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the [administrative law judge] may be justified based on the record.'" *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 339, 407 (6th Cir. 2009)). However, under some circumstances, the failure to properly apply such rules can be harmless error. *See id.* at 940; *Moulden*, 2022 WL 178588, at *7. Specifically, the Sixth Circuit indicated a violation of a procedural rule can be deemed "harmless error" if one of the following requirements is satisfied:

8

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation.

*Cole*, 661 F.3d at 940; *see also Moulden*, 2022 WL 178588, at *7.

This case implicates the third set of circumstances. As noted above, the ALJ discussed the ways in which Scott's opinion regarding moderate limitations was supported by her evaluation of Plaintiff and by other objective medical evidence of record. The ALJ explained that she believed Scott's opinions regarding moderate limitations was more persuasive than her opinions regarding marked limitations for these reasons. Even if this analysis was not a "direct attack" on the supportability of Scott's opinion, "the ALJ's analysis is only one step removed from articulating why she believed opinion was not persuasive considering the supportability . . . factor[]." *Moulden*, 2022 WL 178588, at *8 (citing *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470–71 (6th Cir. 2006)). The Court therefore finds that the ALJ achieved the regulation's goal of providing notice to Plaintiff of the reasons why Scott's opinion was only "somewhat persuasive." As a result, any failure to properly articulate the supportability factor was harmless.

In sum, the Court finds that the ALJ satisfied the supportability factor, but even if she failed to do so, such error was harmless because she achieved the regulation's goal of providing notice to Plaintiff of the reasons why she found Scott's opinion to be "somewhat persuasive." The Court will therefore overrule Plaintiff's objection on this issue.

### B. Legal Error – Good Reasons

Plaintiff did not object to the Magistrate Judge's ruling on the "good reasons" rule. As a result, the Court need not conduct a de novo review of this issue. However, to be clear, the Court

has reviewed the Magistrate Judge's ruling on this issue and agrees with his analysis on this issue. As the Magistrate Judge noted, the new regulations no longer require a "controlling weight" analysis, nor do they impose the "good reasons" rule relied upon by Plaintiff. *Compare* 20 C.F.R. § 404.1527(c)(2) *with* 20 C.F.R. § 404.1520c(a), (b). Further, even if the old regulations applied, Scott was a one-time examining source, not a treating source, and the "good reasons" rule would therefore be inapplicable. The Court will therefore affirm the Magistrate Judge's ruling on this issue.

### C. Substantial Evidence

Having determined that the ALJ did not commit legal error as alleged by Plaintiff, the Court turns to Plaintiff's remaining argument—namely, that the ALJ's RFC determination was not supported by substantial evidence. The Court first notes that much of Plaintiff's argument on this point relies on the Court first finding that the ALJ committed a procedural error by failing to explain the supportability factor, and further finding that such error was not harmless. As the Court has already explained, the ALJ did explain the supportability factor, and even if she failed to do so, such error was harmless.

To the extent Plaintiff also argues generally that the ALJ's decision was not supported by substantial evidence, the Court finds that argument to be without merit. On this point, Defendant specifically objects to the Magistrate Judge's statement that "[a]n ALJ may prefer the opinions of the Commissioner's non-examining program psychologists if they provide 'more detailed and comprehensive information' or are 'more consistent . . . with the record as a whole.'" [DN 24, p. 6 (quoting *Brooks v. Comm'r*, 531 F. App'x 636, 642 (6th Cir. 2013))].[3] Plaintiff argues that the opinions of the non-examining program psychologists "did not provide 'more detailed and

---

[3] This statement was made during the Magistrate Judge's analysis regarding Plaintiff's "good reasons" argument. [DN 24, p. 6].

comprehensive information' and their opinions were not 'more consistent . . . with the record as a whole.'" [DN 25, p. 4 (citations omitted)]. Instead, Plaintiff argues, the records from the Department of Defense and the Veteran's Administration were more detailed and comprehensive, and these documents indicate that Plaintiff suffers from more limiting impairments than those described by the non-examining program psychologists. *Id.*

The Court disagrees. First, this does not appear to be a case in which the ALJ preferred the opinions of the non-examining program psychologists over the opinions of the plaintiff's treating physicians. In fact, much of Plaintiff's own argument has been focused on why the ALJ found the opinion of Scott (a program psychologist) to be only "somewhat persuasive." Instead, the ALJ considered the opinions of both the treating and non-treating sources and found that, based on the evidence of record, Plaintiff suffered from various "moderate"—but not "marked" or "extreme"—impairments. To the extent the ALJ discounted some opinions, it was often because they were less relevant to the time period at issue or were not consistent with the medical evidence and the record. *See, e.g.*, *id.* at 26.

Furthermore, while records from the Department of Defense and the Veteran's Administration may have indicated that Plaintiff suffered from substantially limiting impairments, Plaintiff's treatment records indicated that his limitations were not quite so severe. For example, the ALJ acknowledged that Plaintiff suffered from various "moderate" impairments—such as interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing oneself. [DN 12, p. 21]. However, these impairments were not severe enough to be considered "marked" or "extreme." In reaching this conclusion, the ALJ noted that Plaintiff's medical records indicated that he was often ambulatory, and he had no mobility limitations in the months immediately preceding the alleged onset date. *Id.* at 24. He

11

also had long periods of time with no seizure activity. *Id.* at 25. The record also indicated that Plaintiff was largely independent and could keep track of his own finances, personal hygiene, and household chores. *Id.* at 20–21. He had lived alone before, but also had a girlfriend and was living with a female friend. *Id.* at 21.

Overall, the Court finds that the ALJ's decision was supported by substantial evidence in the record. On this point, the Court notes that "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In this case, there exists "more than a scintilla" of evidence, as outlined above, that Plaintiff's suffered from only moderate limitations and was capable of performing work in the national economy. Thus, the Court must affirm the ALJ's decision, even if the Court might have ruled differently and even if substantial evidence also supports the opposite conclusion. *See, e.g.*, *Kinsella*, 708 F.2d at 1059.

## IV.     CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's objections, [DN 25], are **OVERRULED** and the Report and Recommendation, [DN 24], is **ADOPTED** as the opinion of the Court. The decision of the ALJ is **AFFIRMED**, and this matter is therefore **DISMISSED** and **STRICKEN** from the Court's active docket. A separate judgment shall follow.

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 22, 2022

cc: Counsel of Record